UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PATRICIA J. LANE                                       CIVIL ACTION

VERSUS                                                 NO. 06-5147

USAA CASUALTY INSURANCE COMPANY                        SECTION B(1)

ORDER AND REASONS

Before the Court is Defendant USAA Casualty Insurance Company's Rule 12(b)(6) Motion To Dismiss (Rec. Doc. No. 9). After review of the pleadings, attachments, and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendant's motion to dismiss Plaintiff's claims is **GRANTED.**

*BACKGROUND*

Plaintiffs filed a Class Action Petition For Damages seeking coverage under their respective homeowner's policies for trees, shrubs, plants and lawns allegedly damaged by severe winds during Hurricane Katrina.

Defendant contends that Plaintiffs' insurance policies provide limited coverage for plants, trees, shrubs, and lawn if the damage was caused by one of the listed perils. Defendant further contends that wind is not one of the enumerated perils. Therefore, Defendant moves the Court to dismiss Plaintiffs' claims pursuant to Rule 12(b)6 of the Federal Rules of Civil Procedure.

Plaintiffs in opposition contend that the insurance policies

1

at issue provide coverage for Plaintiffs' "residence premises" and/or "insured locations" inclusive of Plaintiffs' "grounds" including plants, trees, shrubs, and lawn.  Plaintiffs further contend that any additional coverage affording coverage for damage to plants, trees, shrubs, and lawn caused by an enumerated peril is appurtenant to the residential premises coverage.  Plaintiffs urge the Court to consider Plaintiffs' reasonable expectations at the time said insurance policies were purchased to determine coverage for Plaintiffs' damaged plants, trees, shrubs, and lawn. Plaintiffs claim genuine issues of material fact exist and move the Court to deny Defendant's motion.

## *DISCUSSION*

**D.   Failure To State A Claim**

Defendant contends Plaintiffs' pleading fails to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules Of Civil Procedure.   Rule 12(b) provides in pertinent part:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Matters outside the pleading were presented to the Court on the motion to dismiss for failure to state a claim upon which

relief may be granted.  Therefore, the Court treats this motion as a motion for summary judgment.

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 2554-55 (1986).  A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).  Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial.  *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998).  The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue.  *Id.*  Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment.  *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).

Plaintiffs dispute the interpretation and meaning of policy provisions.  "Interpretation of an insurance policy is a question

3

of law."[1]  "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent."[2]  Insurance contract provisions "must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole."[3]

Here, the dispositive issue is whether the insured location is inclusive of plants, trees, shrubs, and lawn.  Plaintiffs' insurance policy defines the "insured location" as the "residence premises" and further defines "residence premises" as "family dwelling, other structures *and grounds*."[4]  Plaintiffs' policy affords additional coverage for "trees, shrubs, plants or lawns, *on the residence premises.*"[5]

Plaintiffs argue that the residence premises include trees, shrubs, plants or lawns as part of the "grounds."  However, the additional coverage policy language draws a distinction between residence premises and trees, shrubs and other plants.  The Court finds the clear words and plain meaning of the contract do not

---

[1] *Principal Health Care of Louisiana, Inc. v. Lewer Agency, Inc.*, 38 F.3d 240, 242 (5th Cir. 1994)(citing *FDIC v. Barham*, 995 F.2d 600 (5th Cir. 1993).

[2] *Id*. at 243 (citing La. Civ. Code art. 2046).

[3] *Id*. (citing La. Civ. Code art. 2050).

[4] Policy, Definitions, ¶¶ 4 and 8(emphasis added).

[5] *Id.*, Additional Coverages, ¶ 3 (emphasis added).

contemplate trees, shrubs, plants or lawns as part of the "grounds" and/or "residence premises."

Insurance coverage afforded for damages to trees, shrubs, plants or lawns is limited to damages caused by the enumerated perils.  Hurricane wind damage is not a listed peril.  Therefore, Plaintiffs failed to state a claim. [6]  Accordingly,

**IT IS ORDERED** that Defendants' Motion To Dismiss Plaintiffs' claims is **GRANTED**.

New Orleans, Louisiana this 14th day of March, 2007.

_____
UNITED STATES DISTRICT JUDGE

---

[6] The Court takes judicial notice of *Proctor v. State Farm Cos*. Civ. Action No. 06-5145"F" (E.D.La. 2007) in which Judge Feldman considered similar arguments and granted Defendants' motion to dismiss finding insurance policy definitions do not define coverage and further finding the plain language of the policy precludes independent coverage for trees, shrubs, and lawns damaged by hurricane wind.